Nunley *v.* Enos (et al., Appellant).

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel J. Feigus,* for appellant.

*Samuel M. Rosenzweig,* with him *Dean D. Sturgis,* for appellee.

OPINION BY MR. JUSTICE LINN, June 24, 1949:

Plaintiff sued Enos and Platt to recover for personal injury and property damage resulting from collision with a truck owned and driven by Enos while in Platt's employ hauling a load of scrap iron for him. Before trial Platt died and his administratrix was substituted. The jury found for plaintiff who has judgment on the verdict. Platt's administratrix appeals and makes a single point: that she is entitled to judgment n. o. v. on the ground that it appears that Enos was an independent contractor and not one of Platt's employes. For present purposes the negligence of Enos is conceded.

The accident happened on April 20, 1947, on a return trip from Pittsburgh to Uniontown, the trip to Pittsburgh with a load of scrap belonging to Platt having been made on April 19th. Enos testified that until April 17th he was on Platt's payroll as an employe, and that on April 20th he was hauling by contract, but his evidence was so uncertain as to the prevailing relation, that it was necessary to submit it to the jury. He testified at one point, ". . . I said some days I did haul with the truck and some days I was on his payroll; I worked for him." He had no certificate from the Public Utility Commission authorizing him to act as a contract carrier: cf. *Kimble v. Wilson et al.,* 352 Pa. 275, 281, 42 A. 2d 526 (1945) ; *Kissel et al. v. Motor Age Transit Lines, Inc., et al.,* 357 Pa. 204, 208, 53 A. 2d 593 (1947). He made his headquarters in Platt's junk yard. We cannot read his testimony in the sense suggested by appellant.

Judgment affirmed.